UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1699 (DSD/JMM)

Kevin Berglund,

Plaintiff,

v. **ORDER**

City of Maplewood, Minnesota; Don Winger, an individual; Mike Ryan, an individual; David Thomalla, an individual; and John Banick, an individual,

Defendants.

Kevin Berglund, 1929 Kingston Avenue, Maplewood, MN 55109, pro se and Dan K. Nelson, Esq., Nelson Law Office, 871 Seventh Street East, St. Paul, Minnesota 55106, counsel for plaintiff Kevin Berglund.

Pierre N. Regnier, Esq., Joseph E. Flynn, Esq., and Katherine E. Kennedy, Esq. Jardine Logan & O'Brien, 2100 Piper Jaffray Plaza, 444 Cedar Street, St. Paul, Minnesota 55101-2179, counsel for defendants.

This matter is before the court upon plaintiff's objections to the clerk's taxation of costs and entry of judgment thereon. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court vacates the cost judgment and directs the clerk to retax costs and enter judgment consistent with this order.

Plaintiff's objections are based upon, inter alia, defendants' failure to provide documentation of the apportionment of their costs between this action and a related action, Zick v. City of Maplewood, Civil No. 00-105 (DSD/JMM). Both actions were brought under 42 U.S.C. § 1983 seeking damages resulting from an incident in which Berglund and Zick were denied permission to videotape a banquet honoring three departing members of the Maplewood City Council. Zick and Berglund brought their actions separately, and Magistrate Judge John Mason denied Berglund's motion to consolidate the two. (Order of July 6, 2001.) Defendants were ultimately successful in both cases.

Defendants, although they opposed consolidation, now assert that Zick and Berglund may be held jointly and severally liable for costs in both actions.[1] (Defs.' Resp. Pl.'s Obj. Taxation Costs at 2.) Therefore, defendants conclude that there need be no allocation of costs as between the two.

The court disagrees. "Costs are like any other claim--the amount sought must be sustained by the party seeking them." Ill. Migrant Council v. Pilliod, 672 F. Supp. 1072, 1085 (N.D. Ill. 1987). Where costs for two cases are commingled, the party seeking costs bears the burden to untangle them. Id. at 1085.

---

[1] Defendants cite no authority for this proposition, and the court finds none.

Allocation of costs is committed to the sound discretion of the trial court. J.E.K. Indus., Inc. v. Shoemaker, 763 F.2d 348, 353 (8th Cir. 1985).

Having reviewed the submissions of plaintiff and defendants, the court directs the clerk to retax costs against plaintiff and in favor of defendants as follows:

| | Claimed | Allowed |
|---|---|---|
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | $813.00 | $387.50 |
| Fees for audio tapes | $25.00 | $0 |
| Fees for VHS tapes | $51.36 | $25.68 |
| Fees for expert services | $3,610.00 | $0 |
| Fees for deposition transcripts | $5,828.85 | $2,503.75 |
| Total Allowed: | | $2,916.93 |

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The cost judgment entered in favor of defendants on September 15, 2003, [Docket No. 54] is hereby vacated.

2. The clerk is directed to retax costs as set forth above and enter judgment in favor of defendants and against plaintiff thereon.

Dated: April 22, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court