Original

RECEIVED
SEP 15 2004
CLERK, U.S. DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kevin Berglund,
Plaintiff,

v.

City of Maplewood, Minnesota;
Don Winger, an individual;
Mike Ryan, an individual;
David Thomalla, an individual; and,
John Banick, an individual,
Defendants.

**PLAINTIFF'S MEMORANDUM OF LAW**

Civil No. 00-1699 (DSD/JMM)
Judge Doty

This memorandum of law is offered in support of Plaintiff's Motion requesting the Court exercise its equitable power under FED. R. CIV. P. 60(b)(6) to grant Berglund relief from the operation of the cost judgment entered in Minnesota Federal District Court Civil No. 00-1699, Berglund vs. City of Maplewood, by judicially recognizing the Stipulation, dated August 20, 2003, filed of record for Minnesota Federal District Court Civil No. 00-105, Zick vs. City of Maplewood, (the "Zick Stipulation"); to judicially recognize the Zick Stipulation, by its plain and unambiguous language, operates to reduce the amount payable by Berglund to Defendants in Civil No. 00-1699; to order that the amount of $416.93 tendered by Berglund, when combined with the $2,500.00 paid under the Zick Stipulation, constitutes payment in full of the costs taxed on April 26, 2004 in favor of the Defendants; to order that Defendants shall accept the amount of $416.93 tendered by Plaintiff Berglund; and to order Satisfaction of Judgment be entered upon the record for Minnesota Federal District Court Civil No. 00-1699 upon Plaintiff's check to Defendants clearing the bank.



SCANNED
SEP 15 2004
U.S. DISTRICT COURT ST. PAUL

## I. May Berglund proceed with his motion under FED. R. CIV. P. 60(b)(6)?

> Rule 60. Relief from Judgment or Order
>
> ......
>
> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

The initial question in this matter is whether Berglund may proceed with his motion under FED. R. CIV. P. 60(b)(6). Rule 60(b) sets out five specific bases for granting relief from a final judgment, followed by clause (b)(6). Rule 60(b)(6) provides that a court may "relieve a party ... from a final judgment ... for ... any other reason justifying relief from the operation of the judgment." First, this sets forth by using the word "may" that the application of Rule 60(b)(6) is at the court's discretion and equitable principles may be taken into account by a court in the exercise of this discretion Di Vito v. Fidelity & Deposit Co. of Maryland, C.A.7th, 1966, 361 F.2d 936. Secondly, it has been held that this clause's " 'any other reason' language refers to any other reason

than those contained in the five enumerated grounds on which a court may grant a Rule 60(b) motion." Government Fin. Servs. One Ltd. Partnership v. Peyton Place, Inc., 62 F.3d 767, 773 (5th Cir.1995) (citing cases). In other words, it is a "catch-all" provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995).

As indicated, Rule 60(b) applies only to "a final judgment, order, or proceeding." There is no dispute that the cost judgment in Civil No. 00-1699 is a final judgment in the amount of $2,916.93. Further, this Court has jurisdiction because it is the court which issued the judgment.

Berglund is making his motion under FED. R. CIV. P. 60(b)(6) because his request for relief is not based upon any of the following provisions of FED. R. CIV. P. 60(b):

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void; or
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;

The current motion stems from a dispute between Berglund and Defendants with respect to the amount Berglund is to finally pay Defendants in the cost judgment for Civil No. 00-1699 (DSD/JMM). While a cost judgment is normally considered, by debtors and creditors alike, very specific and definite, the amount Berglund owes to Defendants is in dispute because a separate agreement entered into by Defendants with a unrelated party in a different case. On August 20, 2003, the Defendants and Mr. Zick signed and entered into the Zick Stipulation, whereby the parties agreed to compromise on the issue of costs in Civil No. 00-105 with Mr. Zick paying a

total of $2,500.00 to Defendants. That agreement, by its terms referenced a reduction to any cost judgment obtained in Civil No. 00-1699 by the $2,500.00 paid by Zick under the Zick Stipulation. Because Berglund is not a party to the agreement, he is unable to enforce the agreement as it pertains to the judgment in Civil No. 00-1699. Consequently, Berglund finds himself bringing his motion before this Court under FED. R. CIV. P. 60(b)(6), the "catch all" provision .

However, while Rule 60(b)(6) "provides the court with a grand reservoir of equitable power to do justice in a particular case." Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 872 (4th Cir. 1999), it is narrowly applied. Reviewing numerous cases shows that the courts, in deciding to apply Rule 60(b), try to strike a balance between equity, accomplishing justice, and the need for finality on the court system. By his motion, Berglund is not asking the Court to disturb the cost judgment entered in Civil No. 00-1699 but, rather, to use its equitable powers to give judicial recognition to the Zick Stipulation so that it may operate as it was constructed by the parties who drafted it. With the Court's judicial recognition of the Zick Stipulation and its operation to reduce the amount payable by Berglund to the Defendants, this matter will be resolved and come to a conclusion after 4 years of litigation. Resolving this matter today, under FED. R. CIV. P. 60(b)(6), would not be an empty exercise.

In reviewing a motion under FED. R. CIV. P. 60(b)(6), exceptional circumstances must exist. The Eighth Circuit Court of Appeals has held that Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances,'" Hepper v. Adams County, 133 F.3d 1094, 1096 (8th Cir. 1998) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986)[, *cert. denied*, 484 U.S. 836 (1997)]). Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels." In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir.1989).

"Exceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress. Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 374 C.A.8 (Minn.),1994. In this matter before the Court, Berglund is not a party to the Zick Stipulation and is unable to compel Defendants compliance with its terms even though the agreement operates to benefit Berglund as a third party.

Exceptional circumstances usually means the movant is completely without fault for his or her predicament; that is, the movant was almost unable to have taken any steps that would have resulted in preventing the judgment from which relief is sought. Moore's Federal Prac. §60.48[3][b]. In Berglund's case, it is no fault of his own that he is before the Court with his motion. Berglund has acted diligently to protect his interest in Civil No. 00-1699. Three times Berglund sent correspondence, back-up documentation regarding the Zick Stipulation, and his check in the amount of $416.93 to Defendants. Three times the Defendants sent the check back, claiming the Zick Stipulation had no bearing on the payment due from Berglund. Actually, in their last correspondence to Berglund, they stated that since the Court had not judicially recognized the Zick Stipulation, that they did not need to recognize its application to Civil No. 00-1699. While the case law talks about fault with regard to default judgments or the prevention of a judgment entered, Berglund is not asking the Court to change the actual amount of the allowed costs taxed but rather to judicially recognize the existence of an external agreement outside of Civil No. 00-1699. While the Zick Stipulation operates to reduce the actual costs payable by Berglund to the Defendants, it does not change the cost judgment of record. Berglund needs the court's intervention to judicially recognize the Zick Stipulation and compel Defendants

to abide by the terms of the Zick Stipulation which has a direct affect upon the satisfaction of the judgment in Civil No. 00-1699.

Additionally in looking at the fault/no fault aspect of exceptional circumstances, courts have held that the motion must be made within a "reasonable time." What is or is not "reasonable is not a fixed concept. It depends on the facts and circumstances of each case, United States v. Holtzman, 762 F.2d 720, 725 (9th Cir. 1985). From the time the cost judgment was ordered on April 22, 2004, Berglund has been attempting to pay Defendants and to conclude this matter. In Berglund's third letter dated July 21, 2004, he informed Defendants that if they did not accept his payment he would be forced to make a motion to the Court to compel. Upon receiving Defendants' response that they would not recognize the Zick Stipulation, Berglund promptly called the Court Administrator to set this motion on the calendar. Under these circumstances, Berglund's actions are within a reasonable time.

In moving forward with a motion under Rule 60(b)(6) the moving party must show the existence of meritorious claim or defense. The frequently quoted standard is that the moving party must make allegations that, if established at trial, would constitute a valid claim or defense Tozer v. Charles A. Krause Milling Co., 189 F.2d242, 244 (3rd Cir.1951). Berglund in this matter benefits from the provisions of the Zick Stipulation in that it operates to reduce the amount he is to pay to Defendants. His case and the cost judgment entered in that case is specifically referenced in the Zick Stipulation.

Sometimes the courts consider whether other persons have taken actions in reliance of the judgment Menashe v. Sutton, D.C.N.Y.1950, 90 F.Supp. 531 or if they would be prejudiced in some way, *i.e.* witnesses are no longer available McCawley v. Fleischmann Transp. Co., D.C.N.Y.1950, 10 F.R.D. 624. In this case, Defendants entered into the Zick Stipulation knowing

the terms and the anticipated operation of those terms since they drafted the document. Through their correspondence, Defendants have not represented to Berglund that they have taken any action in reliance of the cost judgment entered into Civil No. 00-1699 or that they are prejudiced in any way. Actually, Defendants returned Berglund's check, uncashed, on three separate occasions.

It is very clear in the case law that the court's disposition of the movant's motion for Rule 60(b) relief must be made on the basis of the standards applicable to a Rule 60(b) motion, and not on the basis of some reargument of the proceeding giving rise to the underlying judgment. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999).

Berglund meets the threshold requirements for his motion to be reviewed under FED. R. CIV. P. 60(b)(6) because:

1. The action in which the cost judgment was rendered was from this court and jurisdiction is proper.
2. Berglund is not asking the Court to reopen Civil No. 00-1699 (DSD/JMM), or to change the taxation of costs.
3. Berglund has brought this motion in a reasonable time as evidenced by the timeline of events in his affidavit.
4. Berglund has demonstrated a meritorious claim or defense in bringing this motion by setting forth the terms of the Zick Stipulation and their affect upon the amount due and owing to Defendants in Civil No. 00-1699 (DSD/JMM).
5. Berglund has demonstrated extraordinary circumstances upon which relief can be granted. Those extraordinary circumstances include:

a.) Berglund's basis for relief does not fall within any other rule other than FED. R. CIV. P. 60(b)(6);

b.) Berglund has been diligent in his attempts to resolve this matter;

c.) There is no other adequate relief available to Berglund to compel Defendants' specific performance to execute a satisfaction of judgment to Berglund under the Zick Stipulation because Berglund is not a party to the agreement;

d.) Berglund had no choice or freedom of action in the drafting, acceptance or the operation of the Zick Stipulation in connection with the cost judgment in his case; and

e.) The Zick Stipulation operates to benefit Berglund as a third party.

## II. Can the Stipulation dated, August 20, 2003 between Robert Zick and Defendants be interpreted by its plain and unambiguous language to benefit Berglund?

Through their numerous and varied correspondence that Berglund has entered into the record for this motion, the Defendants have argued that the Stipulation, dated August 20, 2003 between themselves and Robert Zick (the "Zick Stipulation") was negotiated and premised upon the mistaken belief that joint and several liability existed between Berglund and Zick for the costs even though their cases were never consolidated. However, the recitals and the operative provisions of the Zick Stipulation are clear and are not in conflict with each other. The Zick Stipulation is unambiguous. Paragraph 5, page 2, of the Zick Stipulation states,

> "All payments by Zick in this matter shall operate to reduce the amount of <u>any judgment for costs</u> that defendants <u>may obtain</u> from this Court against Kevin Berglund in the separate case number 00-1699" (emphasis added).

When construing the terms of an agreement as set forth within the four corners of the document, it is immaterial to consider an unstated premise that the drafter may have had in their mind but

failed to include within the recitals of the document. The words are to be construed in the sense in which a prudent and reasonable person on the other side would understand them. See: Crane Co. v. Advance Plumbing and Heating Co. (1929) 177 Minn. 132, 224 N.W. 847.

There is no mention in the stipulation that the parties premised their agreement upon the finding of joint and several liability by the Court. To the contrary, the terms of the Zick Stipulation are clear and simple. Defendants were in the best position when drafting the agreement to set forth their mutual understandings with Mr. Zick, they made certain assumptions, and took a calculated risk as to the outcome of the Berglund taxation of costs. To that point, the wording of paragraph 5, page 2, of the Zick Stipulation actually implies a calculated risk in the use of the phrase, "any judgment for costs that defendants **may** obtain." This was an agreement Defendants entered into not knowing the ultimate outcome of the taxation of costs or if there was to be an objection by Berglund. If Defendants, through their experienced and esteemed attorney, wanted a different result or wanted to limit the operation of paragraph 5, page 2, of the Zick Stipulation, it was in their control to do so. Paragraph 5, page 2, of the Zick Stipulation could have been very easily drafted to limit the application of Zick's $2,500.00 payment against the cost judgment against Berglund by saying " All payments by Zick in this matter shall operate to reduce the amount of any judgment for costs that defendants may obtain from this Court up to the amount of $2,500.00 but no more than one half of the cost judgment against Kevin Berglund in the separate case number 00-1699". Under the vacated September 15, 2003 order for taxation of costs, Defendants would have received $3,333.86 from Berglund after the $2,500.00 reduction under the Zick Stipulation. However, under the April 22, 2004 order for taxation of costs, Defendants are now to receive $416.93 from Berglund after the $2,500.00 reduction under the Zick

Stipulation. It is now too late to cry fowl and reform an agreement after the outcome of the bargained for settlement does not work out as favorably as the Defendants had hoped for.

It is irrelevant whether Defendants were operating under the assumption of joint and several liability, misguided or otherwise. Black' Law Dictionary defines joint liability as:

> "Liability that is owed to a third party by two or more other parties together. One wherein joint obligor has right to insist that co-obligor be joined as a codefendant with him, that is, that they be sued jointly"

The Berglund case and the Zick case were never consolidated and Berglund and Zick were never codefendants. Defendants erroneously submitted their Bill of Costs listing both cases in the caption and did not apportion the costs between the two. This Court stated that "Costs are like any other claim - the amount sought must be sustained by the party seeking them." Ill. Migrant Council v. Pilliod, 672 F. Supp. 1072, 1085 (N.D. Ill. 1987). Defendants had costs against two separate parties in two separate cases. Granted, many of the costs for the two cases overlapped, but this Court further pointed out that where costs for two cases are commingled, the party seeking costs bears the burden to untangle them. Id. at 1985. This whole issue was brought about because Berglund, in his objection to the taxation of costs, questioned the lack of apportionment between the two cases. Berglund has never disputed the Court's discretion to allocate costs. Indeed, the allocation of costs is committed to the sound discretion of the trial court. J.E.K. Indus., Inc. v. Shoemaker, 763 F.2d 348, 353 (8th Cir. 1985). Berglund's understanding of the Court's findings is as follows: that the Defendants had the burden to untangle the cost for the two cases, that there were two separate cases, two separate Plaintiffs, two separate sets of claims. It was not the responsibility of the Court to untangle the costs and apportion the amounts. The Defendants should have presented two separate Bill of Costs to the Court. The Court not having two separate Bill of Costs had the discretion to allocate the allowed

costs where they chose. Since Defendants had a stipulation with Zick already in Civil No. 00-105, the only other case to which they could allocate the allowed costs was Berglund's case. However, because of the wording of the Zick Stipulation already executed and filed, Defendants were estopped from correcting their erroneous legal assumption of joint and several liability.

Berglund is asking the Court to give judicial notice to the Zick Stipulation so that it may operate as it was constructed. Because Berglund is not a party to the Zick Stipulation, he does not have standing to enforce the terms of the stipulation as it applies to Civil No. 00-1699. Berglund is not at fault for Defendants miscalculation of their risk when they entered into the Zick Stipulation, their failure to file two separate Bill of Costs with the Court, or their erroneous assumption regarding joint and several liability. The Zick Stipulation was drafted to operate as a reduction to the cost judgment in Civil No. 00-1699, to the benefit of Berglund, and Berglund is looking to this Court to exercise its equitable powers under FED. R. CIV. P. 60(b)(6) to intervene on his behalf so his submitted motion may be granted.

Dated: Sept 15, 2004

PLAINTIFF

[signature]

Kevin Berglund, Pro se
1929 Kingston Avenue
Maplewood, MN 55109
651-777-6277