Original

RECEIVED
SEP 15 2004
CLERK, U.S. DIST. COURT
ST. PAUL, MN

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kevin Berglund,
Plaintiff,

v.

City of Maplewood, Minnesota;
Don Winger, an individual;
Mike Ryan, an individual;
David Thomalla, an individual; and,
John Banick, an individual,
Defendants.

**AFFIDAVIT**

Civil No. 00-1699 (DSD/JMM)
Judge Doty

Kevin Berglund, BEING FIRST DULY SWORN, SAYS AS FOLLOWS:

1. That I am the Plaintiff in the above titled matter, I am offering this affidavit in support of my motion for relief under FED. R. CIV. P. 60(b)(6) and an order for a Satisfaction of Judgment to be entered in Civil No. 00-1699.

2. That my case, the Berglund matter, Civil No. 00-1699 (DSD/JMM), and the Zick matter, Civil No. 00-105 (DSD/JMM), were two separate and distinct cases that were tried on their own merits. Further, I and Mr. Robert Zick were represented by different counsel in our respective cases. While these two cases were similar and involved the same incident, the two cases had a number of different causes of action. Although a Consolidated Order for Summary Judgment was issued, the two cases were never consolidated and proceeded on their separate appeal paths. The Zick matter, Civil No. 00-105 (DSD/JMM), stopped at the En Banc level while my case proceeded to the United States Supreme Court where it was not heard.

3. That on August 20, 2003, the Defendants and Mr. Zick signed and entered into a Stipulation (the "Zick Stipulation"), whereby the parties agreed to compromise on the issue of costs and Mr. Zick paid to Defendants a total of $2,500.00.

4. That paragraph 5, page 2, of the Zick Stipulation specifically states, "All payments by Zick in this matter shall operate to reduce the amount of any judgment for costs that defendants may obtain from this Court against Kevin Berglund in the separate case number 00-1699."

5. That the Zick Stipulation is filed and of record in Minnesota Federal District Court Civil



SCANNED
SEP 15 2004
U.S. DISTRICT COURT ST. PAUL

No. 00-105.

6. That it is my belief Defendants' attorney contemplated the $2,500.00 payment by Mr. Zick under the Zick Stipulation operated to defray the amount of the cost judgment taxed in my case, Civil No. 00-1699 (DSD/JMM) as indicated in his correspondence dated September 22, 2003 (Exhibit A).

7. That it is my belief, in talking with Mr. Zick, that he has paid the $2,500.00 as required under the Zick Stipulation in full.

8. That on September 15, 2003 a cost judgment was taxed against me in the Berglund matter, Civil No. 00-1699 (DSD/JMM), in the amount of $5,833.86.

9. That on November 17, 2003, the Court, upon my request, allowed me an opportunity to object to the cost judgment so taxed because of the lack of notice.

10. That Defendant's Response to Plaintiff's Objection to Taxation of Costs, dated December 26, 2003, the Conclusion on page 5 referenced the Zick Stipulation and **affirmatively represented to the Court** the operation of the stipulation by stating, "If Mr. Zick completes his payments of the $2,500.00 that he has agreed to pay, the Defendants will deduct $2,500.00 from the Cost Judgment awarded against the Plaintiff" (Exhibit B).

11. That on April 22, 2004, Judge Doty directed the clerk to retax the costs and enter a judgment in the amount of $2,916.93 in the Berglund matter, Civil No. 00-1699 (DSD/JMM) and the cost judgment of September 15, 2003 was vacated.

12. That on April 26, 2004, I sent a check in the amount of $416.93 along with a Satisfaction of Judgment for Defendants' execution (Exhibit C) and a cover letter referencing the Zick Stipulation to Defendants' attorney, Mr. Pierre N. Regnier (Exhibit D).

13. That Mr. Regnier returned my check on April 29, 2004. His letter erroneously stated that the Court divided the costs between the two cases and, given that, the Zick Stipulation was not operable despite its plain, unambiguous meaning and that Defendants acknowledge acceptance of monies from Mr. Zick under the same (Exhibit E).

14. That on May 6, 2004, I resent my check in the amount of $416.96 to Mr. Regnier along with a copy of the Zick Stipulation, a Satisfaction of Judgment for Defendants' execution and a cover letter setting forth the payment calculation under the Zick Stipulation (Exhibit F).

15. That Mr. Regnier returned my check on May 25, 2004. While his letter stated the Zick Stipulation was "totally irrelevant to the amount" I owe pursuant to the Order, I believe he ignores that it is relevant to the amount I am to pay to the Defendants (Exhibit G).

16. That on June 21, 2004, I again resent my check in the amount of $416.96 to Mr. Regnier along with a Satisfaction of Judgment for Defendants' execution and a cover letter reminding him of the plain language of the Zick Stipulation, *i.e.* "All payments by Zick in this matter shall operate to reduce the amount of any judgment for costs that defendants may obtain from this Court against Kevin Berglund in the separate case number 00-1699" (Exhibit H).

17. That once again, Mr. Regnier returned my check on July 1, 2004. Mr. Regnier's letter stated that since there was no judicial recognition of the Zick Stipulation in the Order dated April 22, 2004, the Defendants did not need to abide by the terms of that stipulation (or their representations to the Court) regarding the Zick payment serving to defray the final taxation of costs in my case, Civil No. 00-1699 (DSD/JMM) (Exhibit I).

18. That as a result of Defendants' failure, through the actions of their attorney, to accept my payment of $416.93 and abide by the Zick Stipulation they entered into, I am forced to request relief from the Court since I am not a party to the stipulation.

19. That I am not asking the Court to reopen my case, Civil No. 00-1699 (DSD/JMM), or to change the taxation of costs.

20. That I have acted promptly and have not been dilatory in bringing forth this motion as evidenced by the timeline of events in this affidavit.

21. That it is my belief I have a meritorious claim or defense in bringing this motion. Although I am not a party to the Zick Stipulation, I believe the incorporation of the cost judgment in my case, Civil No. 00-1699 (DSD/JMM), into the terms of the Zick Stipulation and the mutual agreement between Defendants and Mr. Zick to do so, operates to benefit me as a third party.

22. That it is my belief that the circumstances upon which I base my request for relief are extraordinary in that a.) they do not fall within any other rule other than FED. R. CIV. P. 60(b)(6); b.) I have not been guilty of neglect in this matter; c.) there is no other adequate relief available to me to compel Defendants' specific performance since I am not

a party to the Zick Stipulation; d.) I am before the Court at this time because of circumstances outside of my control. Just as I had no choice or freedom of action in the drafting, acceptance or the operation of the Zick Stipulation, I do not have standing to compel Defendants' specific performance even though the Zick Stipulation incorporates the cost judgment in my case, Civil No. 00-1699 (DSD/JMM), and operates to benefit me as a third party.

23. That I ask the Court to intervene on my behalf to exercise their equitable power under FED. R. CIV. P. 60(b)(6) to judicially recognize the Zick Stipulation as it applies to the taxation of costs against me in my case, Civil No. 00-1699 (DSD/JMM).

24. That I ask the Court to order the amount of $416.93, when combined with the $2,500.00 paid under the Zick Stipulation, constitutes payment in full of the costs taxed on April 26, 2004 in Civil No. 00-1699 (DSD/JMM) in favor of the Defendants.

25. That I ask the Court to order the Defendants accept the amount of $416.93 tendered by myself in this matter.

26. That I ask the Court to order a Satisfaction of Judgment be entered upon the record for Minnesota Federal District Court Civil No. 00-1699, Kevin Berglund vs. City of Maplewood, et al. upon my check to Defendants clearing the bank.

27. That I tender to the Court my original check dated April 26, 2004, made payable to Jardine, Logan and O'Brien, as proof of my good faith effort to conclude this matter such that the review and determination by the Court today is not an empty exercise of judicial effort (Exhibit J).

28. That I ask the Court to order such other and further relief as the Court deems just and equitable. If I were being represented by an attorney in this motion for Court intervention on my behalf, I would be asking the Court for the award of attorney fees.

SIGNATURE PAGE FOLLOWS

FURTHER AFFIANT SAYETH NOT.

Dated: September 15, 2004

Kevin Berglund, Pro Se

STATE OF MINNESOTA )
) SS
COUNTY OF RAMSEY )

Before me appeared, under oath, Kevin Berglund, who signed the above this 15TH day of September, 2004.

Diana L. Longrie-Kline

My commission expires: January 31, 2005

DIANA L. LONGRIE-KLINE
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005