JARDINE
ATTORNEYS AT LAW
LOGAN &
P.L.L.P.
O'BRIEN

Suite 100
8519 Eagle Point Boulevard
Lake Elmo, MN 55042

Firm (651) 290-6500
Fax (651) 223-5070
E-Mail
jlolaw@jlolaw.com
Website
www.jlolaw.com

Gerald M. Linnihan *
Alan R. Vanasek
John M. Kennedy, Jr. *
Eugene J. Flick *
Charles E. Gillin *
James J. Galman *
Pierre N. Regnier
Mark A. Fonken *
George W. Kuehner
Patti J. Skoglund *
Sean E. Hade *
Timothy S. Crom *
Lawrence M. Rocheford *
James G. Golembeck *
Joseph E. Flynn *
Marlene S. Garvis *
Thomas L. Cummings

Mary P. Rowe
Stephen F. Buterin
Jessica E. Schwie
Susan S. Tice
Thomas J. Misurek
Christianna L. Finnern
Marisela E. Bixby
Mark J. Kemper

John R. O'Brien - Admitted in Wisconsin, emeritus Minnesota, retired

Some members also admitted to practice law in Wisconsin*, North Dakota, South Dakota, Iowa, and Missouri

Victoria D. Smith
Administrator

Jerre F. Logan (1923-1983)
Donald M. Jardine (Retired)

CV. 00-1699 DSD

RECEIVED
SEP 15 2004
CLERK, U.S. DIST. COURT
ST. PAUL, MN

September 22, 2003

MR KEVIN BERGLUND
1929 KINGSTON AVE
MAPLEWOOD MN 55109

**Re: 30013(872)**
**Kevin Berglund v. City of Maplewood, Don Winger, Mike Ryan, Dave Thomalla and John Banick**

Dear Mr. Berglund:

As you are aware judgment has been entered against you in the amount of $5,833.86.

I am sure you have spoken to Mr. Zick and are aware of the Stipulated Agreement that he entered into with regard to his payment of costs in this matter. He agreed to pay the sum of $2,500.00 by making five payments with the total amount to be paid by January 15, 2004.

It was agreed that payments by Mr. Zick would operate to reduce the amount of any judgment obtained against you. Therefore, if he pays the full $2,500.00, we have agreed that judgment against you will be satisfied once you pay the sum of $3,333.86.

Please advise as to when we can expect payment of this judgment against you.

Thank you for your attention to this matter.

Very truly yours,

**JARDINE, LOGAN & O'BRIEN, P.L.L.P.**

Pierre N. Regnier
Direct Dial: (651) 290-6563

PNR:mp

EXHIBIT A

*Established 1918*
*Equal Opportunity Employer*

SCANNED
SEP 15 2004
MMC
U.S. DISTRICT COURT ST. PAUL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kevin Berglund,

Plaintiff,

v.

City of Maplewood, Minnesota; Don Winger, an individual; Mike Ryan, an individual; David Thomalla, an individual; and John Banick, an individual,

Defendants.

Case No: 00-1699 (DSD/JMM)

***DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTION TO TAXATION OF COSTS***

---

By Order of November 17, 2003, the Court has allowed the Plaintiff to file Objections to the Cost Judgment that was filed September 15, 2003. By such Order of November 17, 2003, Defendants are allowed to file a Response to these Objections. Defendants, therefore, submit this Response.

Initially, the undersigned wishes to point out to the Court why the Clerk of Court may not have sent the Cost Judgment directly to the Plaintiff Berglund. The Court points out that the Clerk sent the Notice to the Plaintiff's former counsel who withdrew from the matter on November 23, 2001. I am assuming the reason the Clerk notified the Plaintiff's attorney is because the Plaintiff's attorney had not properly withdrawn. The Plaintiff's attorney served the undersigned with a Notice of Withdrawal on November 21, 2001. The undersigned, on behalf of the Defendants, advised the Plaintiff's attorney in writing by letter of November 27, 2001, that the withdrawal was not valid unless compliance was made with Local Rule 83-7

EXHIBIT B

of the Local Rules of the United States District Court for the State of Minnesota. There was no substitution included with that Notice of Withdrawal and, therefore, there was the necessity for a Court Order and there was no motion made for such an Order and, to my knowledge, no Order was ever granted. Therefore, the Clerk of Court was appropriate in sending Notice directed to the attorney.

The Plaintiff objects to the Bill of Costs because the Clerk of Court failed to set forth which costs were attributable to which party or which case and how the costs should be apportioned. There is absolutely no requirement that the Clerk do that and there is no reason for such costs to be apportioned. All of the discovery that occurred in this case related to both cases. All of the depositions that were taken in this matter were taken for both cases. The attorney for Mr. Zick and the attorney for Mr. Berglund participated in all of these depositions.

It is obvious there is joint and several liability of these Plaintiffs for these costs that were incurred. Mr. Zick's attorney chose to negotiate a settlement of any claim for costs and, therefore, an agreement was reached. Mr. Berglund, on the other hand, undertook a series of actions to personally attack the undersigned in an attempt to challenge the taxation of costs. These actions are exemplified in the letters attached to the Plaintiff's Objection Memorandum. He commenced contacting representatives of the League of Minnesota Cities Insurance Trust, including Jim Miller the Executive Director, and to contact the expert witness and to make harassing phone calls to the undersigned's office. This conduct on his part necessitated a letter from the undersigned to the Plaintiff which is attached as Exhibit B



EXHIBIT B

to Plaintiff's Objections. The Plaintiff followed up with a personal attack on the undersigned as exemplified in the second paragraph of his letter of August 18, 2003.

I point this out to the Court to explain that Mr. Zick, through his attorney, appropriately contacted the undersigned and negotiated an agreement regarding costs and disbursements. Mr. Berglund, on the other hand, chose his method which had absolutely no relevance to the issue of the taxation of costs and how to object to such taxation. Mr. Zick, through his attorney, contacted the undersigned and requested to discuss and negotiate a settlement of the taxation of costs. Mr. Berglund has never indicated a desire to negotiate these costs, but rather has chosen to personally attack the undersigned by contacting City officials throughout the State of Minnesota and the League of Minnesota Cities Insurance Trust officials throughout the State of Minnesota questioning the work that has been done by the undersigned. More importantly, however, there is no requirement under the law to negotiate taxation of costs before submitting the same to the Court. The only negotiation that occurred was with Mr. Zick, through his attorney, and by virtue of that agreement, Mr. Berglund was a beneficiary since any award of costs and disbursements in this matter will be reduced by $2,500.00 when attempts to collect that Judgment is made against Mr. Berglund.

Relative to the merits of the costs and disbursements, there is no law cited by the Plaintiff which supports a reversal of the Clerk of Court's ruling as to taxation of costs. The Affidavit submitted by the undersigned to the Court in support of taxation of costs shows that these were actual depositions that were taken in this matter and that all of the depositions except for the deposition of Kevin Berglund and Robert Zick were noted by the Plaintiffs. For some unknown reason, the Clerk of Court deleted some portion of these deposition costs.



EXHIBIT B

In the undersigned's opinion, there was no basis to award anything but all of those deposition transcript costs. 28 U.S.C. § 1920(2) allows taxation of court reporter fees for transcripts only upon a showing that such transcripts were "necessarily obtained for use in the case." It is not necessary that they be used at trial and it is not necessary that they even be used in the summary judgment proceeding, but rather the cost of transcripts may be taxable if the deposition appears reasonably necessary to the parties when it was taken. *See Ryther v. KARE 11*, 864 F.Supp. 1525, 1534 (D. Minn. 1994). Certainly the depositions of the Plaintiffs are necessary when taken. With regard to the other depositions, it seems somewhat incongruous for the Plaintiff to try to argue that the depositions that they noted and took were not necessary when taken. The Plaintiff makes no such argument in this proceeding.

The remainder of the costs are spelled out in the Affidavit of Regnier in support of the taxation of costs and are reasonable costs and expenses incurred in this matter.

The Defendants respectfully request this Court to amend the Cost Judgment rendered by the Clerk of Court by authorizing the total amount of fees claimed for depositions in the amount of $5,828.85 as opposed to the $5,007.50 allowed by the Clerk of Court. There is no basis to claim that all of these depositions did not appear reasonably necessary to the parties when they were taken.

The Defendants respectfully request that this Court reject the Plaintiff's argument that the Court should exercise its discretionary powers to deny taxation of costs in their entirety based upon the principles of equity as argued by the Plaintiff. The Plaintiff has created his own indigency by choosing to pursue meritless claims rather than seeking employment. Mr. Zick and his attorney at least saw their ways and terminated this proceeding after the 8th Circuit Court of Appeals had ruled. Mr. Berglund, on the other hand, chose to continue on



EXHIBIT B

with this matter by petitioning the United States Supreme Court for review. The ridiculousness of the entire Petition to the United States Supreme Court is shown by the fact that the sole basis for seeking review by the United States Supreme Court was a claim brought under the Minnesota Open Meeting Law. There was absolutely no federal or state constitutional provision involved and no basis whatsoever for bringing such a Petition. That Petition was rightfully denied by the United States Supreme Court. The fact that Mr. Zick may have an annual income in excess of the Plaintiff's does not establish any basis whatsoever for this Court to reject Defendants' taxation of costs.

Under his public policy consideration argument, the Plaintiff claims that this litigation was not a private grievance between the parties but involved significant public issues and values. That argument is totally without merit as shown by the fact that the Plaintiff brought this suit against individual named police officers rather than pursuing the claim solely against the City of Maplewood. This was not a situation where the Plaintiffs were providing a public service to anyone. This is a situation where the Plaintiffs could have avoided the extensive costs incurred by everybody in this matter by merely paying $15.00 to attend a retirement party. The Plaintiff should not be allowed to avoid the payment of costs and disbursements incurred as authorized by law.

## CONCLUSION

The Defendants respectfully request this Court to modify the Cost Judgment as issued by the Clerk by adding $821.35 to the fees for deposition transcripts. So, therefore, the Cost Judgment should be in the amount of $6,655.21. If Mr. Zick completes his payments of the



EXHIBIT B

$2,500.00 that he has agreed to pay, the Defendants will deduct $2,500.00 from the Cost Judgment awarded against the Plaintiff.

Dated: 12.26.03

Respectfully submitted,

JARDINE, LOGAN & O'BRIEN, P.L.L.P.

By: ______________________
PIERRE N. REGNIER (A.R. #90232)
Attorneys for Defendants
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, Minnesota 55042
Phone: 651/290-6500



EXHIBIT B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kevin Berglund,
Plaintiff,

Civil No. 00-1699 (DSD/JMM)

v.

**SATISFACTION OF JUDGMENT**

City of Maplewood, Minnesota;
Don Winger, an individual; Mike Ryan, an individual;
David Thomalla, an individual; and, John Banick, an individual,
Defendants.

---

**CERTIFICATE OF SATISFACTION BY JUDGMENT CREDITOR**

On April 26, 2004, City of Maplewood, Don Winger Mike Ryan, Dave Thomalla and John Banick as plaintiffs, recovered a judgment against Kevin Berglund as defendant in case number 00-1699 in United States District Court District of Minnesota in the sum of Two thousand nine hundred sixteen dollars and ninety three cent ($2916.93).

Whereas, City of Maplewood, Don Winger Mike Ryan, Dave Thomalla and John Banick are the judgment creditors and owners of the judgment and are entitled to receive payment or negotiate an agreement for payment of the sum;

Whereas, Kevin Berglund is the judgment debtor and

Whereas, the judgment creditors have reached an agreement, for valid consideration, the receipt of which is acknowledge, with Kevin Berglund.

Now therefore, the judgment creditors fully release and discharge judgment debtor from the judgment in the above action. The judgment creditors hereby authorize the Clerk of the United State District Court to enter an acknowledgment of satisfaction on the record for the judgment.

In witness, the judgment creditors set forth the above on this _____ day of ________, 2004.

Authorized signatory on behalf of City of Maplewood, Don Winger Mike Ryan, Dave Thomalla and John Banick

______________________________

Sworn to before me this
_____ day of __________, 2004.

______________________________

Notary Public

EXHIBIT C

April 26, 2004

Mr. Pierre N. Regnier
Jardine, Logan and O'Brien
Suite 100
8519 Eagle Point Boulevard
Lake Elmo, MN 55042
(651) 290-6563

**Re: Kevin Berglund v. City of Maplewood, Don Winger Mike Ryan, Dave Thomalla and John Banick**

Dear Mr. Regnier,

As you are aware, on April 22, 2004, Judge Doty directed the clerk to retax the costs and enter a judgment in the amount of 2, 916.93 in the above case.

Further, as you are aware, under the Stipulated Agreement entered into by Mr. Robert Zick, the $2,500.00 he paid as his costs in this matter would operate to reduce the amount of any judgment obtained against me. Therefore, since he has paid $2,500.00, the judgment against me will be satisfied with the payment of the sum of $416.93.

I have enclose a check for the sum of $416.93. Also, I have enclose a Satisfaction of Judgment which I would appreciate having signed by the appropriate signatories and filed with the Court with a copy to me.

Thank you for working together to resolve this matter.

Sincerely yours,

Kevin Berglund

Kevin Berglund
(651) 777-6277

EXHIBIT D

JARDINE
ATTORNEYS AT LAW
LOGAN &
P.L.L.P.
O BRIEN

Suite 100
8519 Eagle Point Boulevard
Lake Elmo, MN 55042

Firm (651) 290-6500
Fax (651) 223-5070
E-Mail
jlolaw@jlolaw.com
Website
www.jlolaw.com

Gerald M. Linnihan *
Alan R. Vanasek
John M. Kennedy, Jr. *
Eugene J. Flick *
Charles E. Gillin *
James J. Galman *
Pierre N. Regnier
Mark A. Fonken *
George W. Kuehner
Patti J. Skoglund *
Sean E. Hade *
Timothy S. Crom *
Lawrence M. Rocheford *
James G. Golembeck *
Joseph E. Flynn *
Marlene S. Garvis *
Thomas L. Cummings

Mary P. Rowe
Jessica E. Schwie
Susan S. Tice
Thomas J. Misurek
Christianna L. Finnern
Mark J. Kemper
Melanie J. Leth
Patrick S. Collins
Damien A. Riehl

John R. O'Brien - Admitted in Wisconsin, emeritus Minnesota, retired

Some members also admitted to practice law in Wisconsin*, North Dakota, South Dakota, Iowa, and Missouri

Jerre F. Logan (1923-1983)
Donald M. Jardine (Retired)

April 29, 2004

MR KEVIN BERGLUND
1929 KINGSTON AVE
MAPLEWOOD MN 55109

**Re: 30013(872)**
**Kevin Berglund v. City of Maplewood, Don Winger, Mike Ryan, Dave Thomalla and John Banick**

Dear Mr. Berglund:

I am returning to you your check in the amount of $416.93 and the Satisfaction of Judgment.

The amount of the Judgment entered against you is $2,916.93. You are required to pay that amount of money.

The agreement regarding Robert Zick would only apply if, in fact, the court had not divided the costs and disbursements between you and Mr. Zick. Judge Doty when ruling on your objections did, in fact, divide the costs between the two of you. Therefore, Mr. Zick's payment of $2,500 went towards his portion of the costs. It was only if the court were to rule that you were liable for the full amount of the costs under the doctrine of joint and several liability that the $2,500 would be a credit to the amount you owed. The Judge rejected that doctrine of joint and several liability and split the costs in half between the two of you and you are required for your half of the costs. Therefore, you are obligated to pay $2,916.93.

If you wish to make the same type of an arrangement that Mr. Zick did, namely paying off the Judgment at the rate of $500 a month, the League of Minnesota Cities Insurance Trust would be willing to agree to that. If you agree to that, you can send me a check for $500. Once we have the full $2,916.93 paid, we will then execute the appropriate Satisfaction of Judgment and send it to you.

Very truly yours,

**JARDINE, LOGAN & O'BRIEN, P.L.L.P.**

Pierre N. Regnier
Direct Dial: (651) 290-6563
PNR:slf
Enclosures

*Established 1918*
*Equal Opportunity Employer*

EXHIBIT E

May 6, 2004

Mr. Pierre N. Regnier
Jardine, Logan and O'Brien
Suite 100
8519 Eagle Point Boulevard
Lake Elmo, MN 55042

**Re: Kevin Berglund v. City of Maplewood, Don Winger Mike Ryan, Dave Thomalla and John Banick Court File No. 00-1699 Bill of Costs**

Dear Mr. Regnier,

On April 26, 2004, the clerk taxed and allowed certain costs in the above matter and entered a judgment against me in the amount of $2,916.93.

Further, as you are aware, under the Stipulation, signed and entered into by Mr. Robert Zick on August 20, 2003, Court file No. 00-105, the $2,500.00 he paid under that agreement operates to reduce the amount of any judgment obtained against me. Please see paragraph 5 on page 2 of the Stipulation. Therefore, since the judgment against me is $2,916.93 and the amount paid pursuant to Mr. Zick's stipulation is $2,500.00, the judgment entered on April 26, 2004 shall be satisfied with my payment of the difference between the two figures, *i.e.* $416.93.

I have enclose a check for the sum of $416.93. Also, I have enclose a Satisfaction of Judgment which I would appreciate having signed by the appropriate signatories and filed with the Court with a copy to me.

To facilitate your review of this matter and to bring it to its conclusion, I have enclosed a copy of Mr. Zick's Stipulation. This is the same stipulation Mr. Zick entered into with your law firm regarding the Bill of Costs. It is my understanding, from Mr. Zick, that he has paid the $2,500.00 as required under the Stipulation. Consequently, paragraph 4 on page 2 of the Stipulation is inoperable.

Thank you for working together to resolve this matter.

Sincerely yours,

Kevin Berglund
1929 Kingston Avenue
Maplewood, MN 55109
(651) 777-6277

cc. Court File No. 00-1699
Judge Doty

EXHIBIT F

JARDINE
ATTORNEYS AT LAW
LOGAN &
P.L.L.P.
O BRIEN

Suite 100
8519 Eagle Point Boulevard
Lake Elmo, MN 55042

Firm (651) 290-6500
Fax (651) 223-5070
E-Mail
jlolaw@jlolaw.com
Website
www.jlolaw.com

Gerald M. Linnihan *
Alan R. Vanasek
John M. Kennedy, Jr. *
Eugene J. Flick *
Charles E. Gillin *
James J. Galman *
Pierre N. Regnier
Mark A. Fonken *
George W. Kuehner
Patti J. Skoglund *
Sean E. Hade *
Timothy S. Crom *
Lawrence M. Rocheford *
James G. Golembeck *
Joseph E. Flynn *
Marlene S. Garvis *
Thomas L. Cummings

Mary P. Rowe
Jessica E. Schwie
Susan S. Tice
Thomas J. Misurek
Christianna L. Finnern
Mark J. Kemper
Melanie J. Leth
Patrick S. Collins
Damien A. Riehl

John R. O'Brien - Admitted in Wisconsin, emeritus Minnesota, retired

Some members also admitted to practice law in Wisconsin*, North Dakota, South Dakota, Iowa, and Missouri

Jerre F. Logan (1923-1983)
Donald M. Jardine (Retired)

May 25, 2004

MR KEVIN BERGLUND
1929 KINGSTON AVE
MAPLEWOOD MN 55109

**Re: 30013(872)**
**Kevin Berglund v. City of Maplewood, Don Winger, Mike Ryan, Dave Thomalla and John Banick**

Dear Mr. Berglund:

I am returning to you your check dated April 26, 2004, in the amount of $416.93. I explained to you in my letter of April 29, 2004 why I was previously returning to you that check. The Stipulation that had been entered into was premised on the fact that there was joint and several liability for the costs and disbursements and we wanted to be sure that we would not be paid twice for these costs. When the court issued its Order of April 22, 2004, it determined that there was not joint and several liability and, therefore, each party was liable for their own portion of these costs. Mr. Zick has paid his portion and the court has ruled that you are required to pay your portion, which is $2,916.93. The amount of money that has been paid by Mr. Zick is totally irrelevant to the amount that you owe pursuant to this Order.

Please forward to me a draft in the amount of $2,916.93 and I will see that the Satisfaction of Judgment is executed and forwarded to you for filing.

Very truly yours,

**JARDINE, LOGAN & O'BRIEN, P.L.L.P.**

Pierre N. Regnier
Direct Dial: (651) 290-6563
PNR:slf
Enclosure



EXHIBIT G

Mr. Pierre N. Regnier
Jardine, Logan and O'Brien
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, MN 55042

June 21, 2004

**Re: Kevin Berglund v. City of Maplewood, et al.**
**Court File No. 00-1699 Bill of Costs**

Dear Mr. Regnier,

I have enclosed, **for a third time**, my check in the sum of $416.93.

This is payment in full since the Cost Judgment awarded against myself in the amount of $2,916.93 is reduced by the $2,500.00 paid by Mr. Zick under separate agreement.

With all due respect, I find it disconcerting that you continue to return my check to me and persist in extending this matter. Further, I disagree with your interpretation of the Stipulation, dated August 20, 2003, (the "Stipulation") by and between yourself and Robert Zick.

The recitals and the operative provisions of the Stipulation are clear and are not in conflict with each other. The Stipulation is unambiguous. Therefore, when construing the terms of the agreement as set forth within the four corners of the document, it is immaterial to consider an unstated premise that the drafter may have had in their mind but failed to include within the recitals of the document. The words are to be construed in the sense in which a prudent and reasonable person on the other side would understand them. See: Crane Co. v. Advance Plumbing and Heating Co. (1929) 177 Minn. 132, 224 N.W. 847.

The terms of the Stipulation are clear and simple. Please see paragraph 5, page 2, of the Stipulation which states, **"All payments by Zick in this matter shall operate to reduce the amount of any judgment for costs that defendants may obtain from this Court against Kevin Berglund in the separate case number 00-1699."** Further, to support the plain meaning of the Stipulation, I look to your Defendant's Response to Plaintiff's Objection to Taxation of Costs, dated December 26, 2003, last sentence, **"If Mr. Zick completes his payments of the $2,500.00 that he has agreed to pay, the Defendants will deduct $2,500.00 from the Cost Judgment awarded against the Plaintiff."** Your December 26th statement was made after the Court had already issued the bill of costs against me alone. It is incredulous that you now, in your May 25, 2004 letter (attached) want to change your strategy or intentions and rewrite the "premise" of the Stipulation you helped to draft.

I have enclose a Satisfaction of Judgment which I would appreciate having signed by the appropriate signatories and filed with the Court with a copy to me. Let us finish with this matter today. If you do not accept my money and enter the Satisfaction of Judgment, I will be forced to make a motion to compel the same.

Sincerely yours,

Kevin Berglund

Kevin Berglund
1929 Kingston Avenue
Maplewood, MN 55109
(651) 777-6277

cc. Court File No. 00-1699
Judge Doty

EXHIBIT H

JARDINE
ATTORNEYS AT LAW
LOGAN &
P.L.L.P.
O BRIEN

Suite 100
8519 Eagle Point Boulevard
Lake Elmo, MN 55042

Firm (651) 290-6500
Fax (651) 223-5070
E-Mail
jlolaw@jlolaw.com
Website
www.jlolaw.com

Gerald M. Linnihan *
Alan R. Vanasek
John M. Kennedy, Jr. *
Eugene J. Flick *
Charles E. Gillin *
James J. Galman *
Pierre N. Regnier
Mark A. Fonken *
George W. Kuehner
Patti J. Skoglund *
Sean E. Hade *
Timothy S. Crom *
Lawrence M. Rocheford *
James G. Golembeck *
Joseph E. Flynn *
Marlene S. Garvis *
Thomas L. Cummings

Mary P. Rowe
Jessica E. Schwie
Susan S. Tice
Thomas J. Misurek
Christianna L. Finnern
Mark J. Kemper
Melanie J. Leth
Patrick S. Collins
Damien A. Riehl

John R. O'Brien - Admitted in Wisconsin, emeritus Minnesota, retired

Some members also admitted to practice law in Wisconsin*, North Dakota, South Dakota, Iowa, and Missouri

Jerre F. Logan (1923-1983)
Donald M. Jardine (Retired)

July 1, 2004

MR KEVIN BERGLUND
1929 KINGSTON AVE
MAPLEWOOD MN 55109

**Re:** **30013(872)**
**Kevin Berglund v. City of Maplewood, Don Winger, Mike Ryan, Dave Thomalla and John Banick**

Dear Mr. Berglund:

I am returning to you again your check dated April 26, 2004, in the amount of $416.93. I previously set forth our position in this regard. Please see my letter of April 29, 2004.

Judge Doty was well aware of the City's position on this matter as well as the Stipulation. As Judge Doty pointed out in his Order of April 22, 2004, he disagreed with the position of the City that Zick and Berglund could be held jointly and severally liable for costs in both actions. Therefore the court was looking at these separately.

If the court believed that $2,500 should be deducted from the amount of the judgment to be assessed against you, it would have so ordered. To the contrary, the court directed a cost judgment in the amount of $2,916.93. There was no Order requiring the deduction of the $2,500. The reason for the agreement to reduce the amount of the judgment was to avoid any double taxation of costs. The court eliminated that double taxation in its Order. You are responsible for the full amount.

Very truly yours,

**JARDINE, LOGAN & O'BRIEN, P.L.L.P.**

Pierre N. Regnier
Direct Dial: (651) 290-6563
PNR:slf
Enclosure



EXHIBIT I

TCF www.tcfexpress.com

**KEVIN S BERGLUND**
651-777-6277
B-624-465-760-574
1929 KINGSTON AVE
MAPLEWOOD, MN 55109

5163

April 26, 2004
Date

17-7000/2910 52
9852026916

Pay to the Order of Jardine, Logan and O'Brien $ 416 93/xx

Four Hundred Sixteen + 93/xx Dollars

Security Features Details on Back.

TCF BANK
Minnesota's Most Convenient Bank℠
TCF National Bank
801 Marquette Avenue
Minneapolis, MN 55402
612-TCF-BANK

EXPRESS TELLER

For Satisfaction of Judgment # 00-1699

Kevin S Berglund

MP

⑆291070001⑆ 9852026916⑈ 5163

© HARLAND 2001

Motion Hearing
Oct 15, 2004

Exhibit J

Kevin Berglund
Civil No.
00-1699