**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kevin Berglund,

Plaintiff,

v.

City of Maplewood, Minnesota; Don Winger, an individual; Mike Ryan, an individual; David Thomalla, an individual; and John Banick, an individual,

Defendants.

Case No: 00-1699 (DSD/JMM)

***DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION UNDER RULE 60(b)(6)***

---

This Memorandum of Law in submitted in opposition to Plaintiff's Motion requesting the court to grant relief under Fed.R.Civ.P. 60(b)(6) relating to the Cost Judgment dated April 26, 2004 which was entered pursuant to the court's Order of April 22, 2004. For the reasons stated herein, the Defendants respectfully request this court to deny the relief requested by the Plaintiff.

The Plaintiff is correct that there were two separate lawsuits, however, for purposes of judicial economy, the parties conducted joint discovery through depositions. Contrary to the Affidavit of the Plaintiff, there was no trial in this matter and, therefore, the only costs ever sought to be recovered are related to discovery. Depositions were attended by and participated in by attorneys for Defendants and attorneys for Zick and Berglund. *See Affidavit of Regnier.* Since the discovery had been consolidated by agreement of the parties, and the court had consolidated its ruling at the District Court level and the Eighth Circuit Court of Appeals on a consolidated basis, the Defendants submitted a Taxation of Costs as

consolidated or more clearly referred to as joint and several liability. Zick through his attorney negotiated a settlement to resolve any potential judgment for costs as against Zick. The attorney for the Defendants knew he would be pursuing costs against Berglund. Since the Notice of Taxation of Costs had been against both Zick and Berglund, the attorney for Defendants wanted to be sure that Berglund could not claim that Defendants were seeking double recovery by receiving payment from Zick and then pursuing the full amount of costs against Berglund. Therefore, so as to make it clear that Defendants were not seeking double recovery, but at the same time to preserve the right to seek full recovery of costs as initially requested, the Stipulation between Zick and the Defendants contained the language that Berglund now claims prevents Defendants from recovering a judgment that by its own terms does not involve a double recovery. The intent and purpose of the language in the Zick Stipulation was to prevent double recovery. *See Affidavit of Regnier.*

Berglund is not entitled to have this court modify the judgment for several reasons. In filing his Objection to the earlier Cost Judgment entered, Berglund had a full and fair opportunity to litigate this issue of costs. In fact in that Objection to Costs, Berglund did submit a document to the court that related directly to this $2,500 deduction issue contained in the Zick Stipulation. *See Ex. A attached to Plaintiff Berglund's Objections to Bill of Costs which was served and filed back in December 2003.* Since Berglund had the full and fair opportunity to litigate that issue and did, in fact, raise the question of duplicate recovery in that Objection, the Plaintiff Berglund does not meet the exceptional circumstances requirements under Rule 60(b)(6). As the court stated in ***Atkinson v. Prudential Property Co., Inc.***, 453 F.3d 367 (8th Cir. 1994), "'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse

judgment properly arrived at. Rather exceptional circumstances are relevant only where they bar redress." *Id. at 373.* The ***Atkinson*** court concluded that because Atkinson "had a full and fair opportunity to litigate his claim," he was not entitled to relief under Fed.R.Civ.P. 60(b)(6). *Id. at 373-374.*

Here, Mr. Berglund had more than a full and fair opportunity to litigate this issue of costs. A Cost Judgment was entered and it should be final. This court is without jurisdiction or grounds to now vacate this judgment duly entered after a full hearing in which Berglund obtained the relief he requested, namely a vacation of a prior Cost Judgment and an allocation of costs so as to prevent double recovery by the Defendants.

The Plaintiff raised this issue of duplication of costs in the prior hearing. *See p. 2 of Berglund's Objections to Bill of Costs and Disbursements filed in December of 2003.* This court resolved that concern by allocating the costs. Berglund should not be allowed to now claim a further reduction since duplication has been eliminated by virtue of the court Order allocating costs.

While Berglund claims he is not asking this court to change the actual amount of the judgment, that is exactly what the relief sought in this matter results in. Fed.R.Civ.P. 60(b) is for the purpose to "relieve a party from a final judgment." There is no exceptional circumstances here to allow relief from that judgment.

Berglund, by his own admissions, is not a party to that Zick Stipulation and there is no claim or law to support a claim that he is a third party beneficiary of that Stipulation agreement. Berglund admits that he has no authority to enforce that agreement. This attempt to use Rule 60(b) is an attempt to have this court apply a contract in favor of a non-party to that contract.

Berglund not being a party to that Stipulation or the negotiations entering into that Stipulation between Zick and the Defendants does not know the intent of that language. Rather, the attorney for the Defendants has set forth by Affidavit what the intent was of that language, namely to prevent double recovery. That intent was fully met by this court allocating costs between the different Plaintiffs and, therefore, double recovery was avoided.

Berglund admits at p. 5 of his Memorandum of Law that exceptional circumstances "means the movant was almost unable to have taken steps that would have resulted in preventing the judgment from which relief is sought." Here Berglund was not unable to take steps to prevent this judgment. To the contrary, Berglund objected to taxation of costs and filed papers in opposition which included a specific letter referring to this deduction in the Zick settlement. Those were all matters before the court before it issued its Order for judgment in April of 2004. Therefore, not only was Berglund able but he did take the steps. Therefore, he does not meet this exceptional circumstance test.

The original Cost Judgment entered against Berglund in the amount of $5,833.86 on September 15, 2003 did not allocate between the two suits. That is why the Defendants through your Affiant advised Berglund by letter of September 22, 2003 that Berglund would be able to deduct $2,500 from the Cost Judgment of $5,833.86 since not to be able to do that would result in a double recovery by the Defendants. That was in accordance with the full intent of the deduction provision in the Zick Stipulation.

The court in its Order of April 22, 2004 did state "Allocation of costs is committed to the sound discretion of the trial court." Therefore, the court did, in fact, allocate these costs and did eliminate any possibility of double recovery. Therefore, Zick's amount of costs was resolved by the settlement of Zick paying $2,500 and Berglund's separate allocated costs of

$2,916.93 will only be satisfied by Berglund paying $2,916.93. It would be inequitable, unjust and without any legal support to now allow Berglund to relitigate this Cost Judgment and avoid having to pay what the court has already decided is a fair allocation of the costs between Zick and Berglund. To allow Berglund, not a party to the Zick agreement, to obtain a reduction from an award already allocated by the court, and which final Cost Judgment avoids any chance of double recovery, would be an absurd and unjust result in direct contravention of the intent of the agreement between Defendants and Zick.

## ***CONCLUSION***

For the reasons stated herein, the Defendants submit that the Plaintiff Berglund does not meet the exceptional circumstances requirements of Rule 60(b)(6) and, therefore, Plaintiff's motion should be denied.

Respectfully submitted,

Dated: September 27, 2004

**JARDINE, LOGAN & O'BRIEN, P.L.L.P.**

By: s/ Pierre N. Regnier
**PIERRE N. REGNIER** (A.R. #90232)
Attorneys for Defendants
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, Minnesota 55042
Phone: 651/290-6500