**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kevin Berglund,

Plaintiff,

v.

City of Maplewood, Minnesota; Don Winger, an individual; Mike Ryan, an individual; David Thomalla, an individual; and John Banick, an individual,

Defendants.

Case No: 00-1699 (DSD/JMM)

***AFFIDAVIT OF PIERRE N. REGNIER***

---

STATE OF MINNESOTA )
) ss.
COUNTY OF WASHINGTON )

PIERRE N. REGNIER, being first duly sworn, deposes under oath and states as follows:

1. That he is the attorney representing the Defendants in the ***Berglund*** matter, Civil File No: 00-1699 (DSD/JMM), and the ***Zick*** matter, Civil File No: 00-105 (DSD/JMM).

2. That the attorneys representing Berglund and Zick and the Defendants agreed for purpose of judicial economy to consolidate discovery in these cases.

3. That contrary to the Affidavit of Mr. Berglund of September 15, 2004, these cases were not "tried on their own merits" but rather they were resolved by a District Court Order granting summary judgment in both cases and an Order from the Eighth Circuit Court of Appeals affirming the District Court's ruling.

4. That since the parties through their attorneys had agreed to consolidated discovery, and since the District Court had consolidated the cases for purposes of a summary judgment motion, and a consolidated Order for Summary Judgment was issued, and the Eighth Circuit Court of Appeals consolidated both cases for purpose of deciding the issues on appeal, your Affiant filed a Bill of Costs as a consolidated Bill of Costs in this matter seeking a total of $10,376.21.

5. That Mr. Zick through his attorney and the Defendants through your Affiant negotiated a settlement of any claim for costs against Mr. Zick.

6. That in that Stipulation between Zick and the Defendants it was provided that payments by Zick would operate to reduce the amount of judgment for costs that Defendants may obtain from the court against Kevin Berglund.

7. That the purpose and sole intent of that clause was to be sure that the Defendants could not double recover for any costs incurred in the consolidated discovery that occurred in this matter.

8. Subsequently, the Clerk of Court entered a Cost Judgment on September 15, 2003 in the amount of $5,833.86 as against Mr. Berglund. That since that Cost Judgment of September 15, 2003 reflected a determination of the Clerk of Court of the full amount of the costs and disbursements in the consolidated matter, the Defendants through your Affiant agreed that Mr. Zick's future payments of $2,500 would operate to reduce the Judgment of $5,833.86 by $2,500. This was conveyed clearly to Mr. Berglund by letter of September 22, 2003, a copy of which is marked as Exhibit A and attached to Berglund's Affidavit of September 15, 2004.

9. Berglund then, with permission of this court, filed an Objection to Costs and Disbursements on December 11, 2003.

10. That in that Objection, Berglund referred to this deduction of $2,500 by attaching Exhibit A which is the same letter of September 22, 2003 previously referred to.

11. That in his Objection, Plaintiff voiced a concern regarding "duplication of costs" in paragraph 3 of his Objections of December 11, 2003.

12. Therefore, this court had before it Berglund's concern about duplication of costs and Berglund's concern that costs were not allocated between Zick and Berglund.

13. This court issued its Order of April 22, 2004 in which it specifically allocated costs and, therefore, vacated the prior Cost Judgment of September 15, 2003 and directed a retaxation of costs in the amount of $2,916.93. That was subsequently done by the Clerk of Court.

Further Your Affiant Saith Not.

PIERRE N. REGNIER

Subscribed and sworn to before me this 24th day of September, 2004.

Sharil L. Falzone
Notary Public

SHARI L. FALZONE
Notary Public
Minnesota
My Commission Expires January 31, 2005