UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-1699 (DSD/JMM)

Kevin Berglund,

Plaintiff,

v. **ORDER**

City of Maplewood, Minnesota; Don Winger, an individual; Mike Ryan, an individual; David Thomalla, an individual; and John Banick, an individual,

Defendants.

This matter is before the court upon plaintiff's motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. Plaintiff seeks relief from the cost judgment entered against him on April 26, 2004, on the ground that he is a third-party beneficiary of a stipulation between defendants and Robert Zick in another case before the court. Plaintiff alleges that, in the stipulation, defendants agreed that certain payments made to them by Zick would reduce plaintiff's liability for costs in this case.

Plaintiff is not entitled to Rule 60(b)(6) relief. "Relief under Rule 60(b) is an extraordinary remedy that lies within the discretion of the trial court." Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (citing Design Classics, Inc. v. Westphal (In re Design Classics, Inc.), 788 F.2d 1384, 1386 (8th Cir. 1986)). Such relief is justified only when "'exceptional circumstances

prevented the moving party from seeking redress through the usual channels.'" Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994) (quoting Doe v. Zimmerman (In re Zimmerman), 869 F.2d 1126, 1128 (8th Cir. 1989)). The stipulation of which plaintiff argues he is a third-party beneficiary was made public on August 21, 2003, by its filing in another matter before the court. See Zick v. City of Maplewood, Case No. 00-105, Docket No. 94 (DSD/JMM). Plaintiff filed his initial objections to the clerk's taxation of costs on December 11, 2003. Plaintiff has failed to state any reason why he could not have raised his third-party beneficiary argument in his initial objections. Therefore, plaintiff has not shown exceptional circumstances.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for relief from judgment [Docket No. 63] is denied.

Dated: October 12, 2004

s/David S. Doty
David S. Doty, Judge
United States District Court